IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JANE PARKER-AMBROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15-CV-00650 |
| | ) | |
| GEORGE A. ORTEGA, III, in his | ) | |
| Individual capacity | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATION**
**OF CIVIL RIGHTS**

Plaintiff, Jane Parker-Ambrose, by and through her attorney, Kari T. Morrissey brings this complaint for violations of plaintiff's Fourth Amendment right to be free from unlawful arrest and pursuant to 42 USC § 1983.  In support of her complaint, plaintiff states as follows:

**JURISIDCTION AND VENUE**

1. Plaintiff, Jane Parker-Ambrose, resides in Denver, Colorado.

2. Defendant George A. Ortega, III is an individual who was employed by the Bernalillo Police Department in Bernalillo, New Mexico as full time, salaried law enforcement officer and was acting in the course and scope of his duties with the Bernalillo Police Department at the time of the events set forth in this Complaint.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, and 42 USC § 1983

8. Venue is properly laid in this Court pursuant to 28 U.S.C. §1391(b) as Defendant's actions causing injury to Plaintiff took place within this district.

9. Upon information and belief Defendant Ortega resides in the State of New Mexico.

## FACTUAL BACKGROUND

10. On or about December 29, 2013 Plaintiff, who was 64.5 years old, was stopped for speeding by Defendant Ortega. Plaintiff was driving from Denver, Colorado to San Diego, California.

11. Defendant Ortega allegedly smelled an odor of alcohol on Plaintiff and proceeded to conduct an investigation for driving under the influence of alcohol.

12. Defendant asked Plaintiff to perform a series of field sobriety tests, including the walk and turn and the one leg stand.  Defendant's training includes alternative field sobriety tests for subjects Plaintiff's age, as older subjects cannot perform standard field sobriety tests as well as younger subjects.

13. Despite this fact, Defendant Ortega asked Plaintiff to perform the standardized field sobriety tests that Defendant Ortega knows to be unreliable for subjects Plaintiff's age. Plaintiff explained to Defendant Ortega that she was not able to perform the standardized field sobriety tests due to a knee injury and mobility issues.

14. Defendant Ortega asked Plaintiff to perform the horizontal gaze nystagmus test in which he claims to have seen four out of six clues that can indicate intoxication.  Plaintiff admitted to drinking one glass of wine with dinner in Santa Fe, New Mexico hours earlier.

15. Defendant Ortega asked Plaintiff to perform an alternative field sobriety test called the finger dexterity test.  Defendant Ortega failed to give the Plaintiff the improper instructions on how to perform the test and as a result had to give the instructions a

second time.  Upon receiving the instructions a second time, Plaintiff performed the test as instructed with no difficulties.

16. Defendant Ortega asked Plaintiff to perform an alternative field sobriety test called the alphabet test.  Plaintiff performed the test as instructed with no difficulties.

17. Defendant Ortega was unsure whether Plaintiff was impaired by alcohol and asked her to take a portable breath test.  Defendant Ortega told Plaintiff that depending on the result of the test she would drive away, he would drive her to a hotel after towing her car or he would place her under arrest driving while intoxicated.

18. Defendant Ortega threatened to charge Plaintiff with Aggravated Driving While Intoxicated if she refused his portable breath test.  Plaintiff agreed to take the test and tried on numerous occasions to blow into the machine but was not able to blow air with enough force to get the machine to register a result.  Defendant Ortega placed Plaintiff under arrest.

19. Plaintiff spent several hours in jail and was charged criminally with aggravated driving while intoxicated, speeding and open container.  There is no mention of any facts to support the charge of open container in the criminal complaint or the police report.

20. Plaintiff was required to post a bond, hire a lawyer and travel to New Mexico for court settings.  The criminal case filed against Plaintiff was dismissed by the state prosecutor for lack of evidence.

## VIOLATION OF THE FOURTH AMENDMENT

21. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

22. Plaintiff has a constitutional right to be from unlawful arrest under the Fourth Amendment to the United States Constitution.

23. Defendant Ortega arrested the Plaintiff without probable cause to believe that Plaintiff had committed or was committing an arrestable offense.

24. Defendant Ortega's unlawful detention and false arrest of Plaintiff was objectively unreasonable, intentional, willful, and wanton.

25. Defendant Ortega's unlawful acts and violation of Plaintiff's rights proximately caused Plaintiffs damages and injuries, including emotional injury and suffering, and pecuniary loss.

26. All of the above described acts and omissions of Defendant Ortega were done in a manner that was reckless, willful and deliberately indifferent, and violated the Plaintiff's Fourth Amendment rights.

27. Punitive damages are appropriate to punish and deter Defendant Ortega and other officers in the Bernalillo Police Department from future similar conduct of violating the Fourth Amendment rights of citizens.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory and punitive damages and pursuant to 42 U.S.C. § 1988, an award of attorney's fees and costs and any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts.

Respectfully submitted,

  /s/ Kari T. Morrissey  
Kari T. Morrissey  
LAW OFFICE OF KARI MORRISSEY  
201 12 Street NW  
Albuquerque, NM 87102  
(505) 244-0950

4